UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Gerard Boulanger**

    v.                             Case No. 16-cv-266-PB
                                    Opinion No. 2017 DNH 253

**United States of America**


**MEMORANDUM AND ORDER**


     Gerard Boulanger was convicted of several crimes stemming from a pharmacy robbery, including one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Boulanger's sentence on the felon in possession charge was subject to a sentencing enhancement authorized by the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), that applies when a felon in possession has three or more prior convictions for a "violent felony or a serious drug offense." As a result, Boulanger was subject to a 15-year mandatory minimum sentence and a maximum sentence of life on the felon in possession charge rather than the ten-year maximum sentence that ordinarily applies to such charges.

     Boulanger has filed a motion pursuant to 28 U.S.C. § 2255 challenging his sentence on the felon in possession count. His argument is that he no longer qualifies as an armed career

criminal after the Supreme Court's decision in Johnson v. United States ("Johnson II"), 135 S. Ct. 2551, 2563 (2015).

## I. BACKGROUND

On October 8, 2004, a jury convicted Boulanger of: robbery involving controlled substances, in violation of 18 U.S.C. § 2118(a)-(c)(1) (Count One); use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three); and possession of a controlled substance with intent to distribute, in violation of 18 U.S.C. 841(a)(1) (Count Five).

Boulanger's presentence investigation report ("PSR") detailed his lengthy criminal history and outlined appropriate sentencing options. As the PSR explained, multiple prior felony convictions had a significant impact on his eventual sentence by triggering certain statutory enhancements and Sentencing Guidelines adjustments. The relevant convictions included:

- One 1979 burglary conviction in Strafford County, NH. See PSR ¶40.
- Two 1981 robbery convictions in Rockingham County, NH. See PSR ¶¶41, 45.

- One 1981 robbery conviction in Strafford County, NH. See PSR ¶42.

- One 1981 armed robbery conviction in Hillsborough County, NH. See PSR ¶44.

- One 1981 armed robbery conviction in York County, ME. See PSR ¶46.

- Three 1984 armed robbery convictions in Rockingham County, NH. See PSR ¶¶ 47, 48, 50.

- One 1988 escape conviction in Merrimack County, NH. See PSR ¶52.

The PSR concluded that Boulanger's sentence on the felon in possession charge was subject to the ACCA's sentencing enhancement based on at least three prior violent felony convictions.[1] PSR, Addendum II (Mar. 25, 2005). The PSR also noted that Boulanger faced an 84-month consecutive sentence for the use of a firearm during a crime of violence. Finally, the

---

[1] The original PSR failed to reference the enhancement, an error that the probation officer corrected with an addendum to the PSR. The superseding indictment had previously identified four prior convictions that allegedly qualified as violent felonies, including (i) Boulanger's 1981 armed robbery conviction in Hillsborough County, NH; (ii) his 1981 armed robbery conviction in Strafford County, NH; (iii) his 1984 armed robbery conviction in Rockingham County, NH; and (iv) his 1988 escape conviction in Merrimack County, NH. See Superseding Indictment at 4-5, United States v. Boulanger, No. 03-cr-218 (D. N.H. Aug. 5, 2004).

PSR determined that Boulanger should be treated as a career offender based on his escape conviction and one of his 1984 robbery convictions. After taking this information into account, the PSR concluded that Boulanger's applicable guideline range was 360 months to life.

On March 8, 2005, I adopted the PSR and sentenced Boulanger to concurrent sentences of 376 months on the felon in possession charge, 300 months on the robbery charge, and 240 months on the possession with intent to distribute charge. I then imposed a consecutive sentence of 84 months on the use of a firearm during a crime of violence charge, which resulted in a total sentence of 460 months.

Boulanger's conviction and sentence were affirmed on appeal. United States v. Boulanger, 444 F.3d 76 (1st Cir. 2006). I denied his first § 2255 petition on September 24, 2007. Nearly a decade later, Boulanger sought permission from the First Circuit Court of Appeals to file a second § 2255 motion. His request presented three arguments: (1) his current challenge to the ACCA enhancement; (2) a claim that he was improperly treated as a career offender; and (3) a challenge to his conviction for using a firearm during a crime of violence. On June 20, 2016, the court of appeals granted Boulanger permission to proceed with his ACCA challenge and instructed me

4

to determine whether he should be permitted to proceed with his other claims.  See Judgment, Boulanger v. United States, No. 16-1488 (1st Cir. June 20, 2016).  Boulanger's career offender challenge became moot in light of the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017), and I determined in Kucinski v. United States, 2016 DNH 163, that his challenge to his conviction for using a firearm during a crime of violence was premature.  Thus, the only issue that remains to be decided is Boulanger's challenge to the ACCA enhancement.

## II.  **ANALYSIS**

Boulanger contends that he is entitled to be resentenced on the felon in possession charge because he can no longer be treated as an armed career criminal after the Supreme Court's decision in Johnson II.  The government responds by claiming that Johnson II does not alter Boulanger's status as an armed career criminal because he has multiple New Hampshire state court convictions for robbery and armed robbery that continue to qualify as violent felonies.[2]  I analyze the parties' arguments

---

[2]  Boulanger has three other types of prior state court convictions that could conceivably qualify as "violent felonies," i.e. Maine robbery, New Hampshire escape, and New Hampshire burglary.  The government asserts, however, that those convictions cannot serve as ACCA predicates following Johnson II and Mathis v. United States, 136 S. Ct. 2243, 2248 (2016).

by first explaining how the ACCA has been affected by Johnson II and then apply the Act to Boulanger's robbery and armed robbery convictions.

## A. The ACCA and Johnson II

The penalty for a felon in possession conviction is enhanced under the ACCA if the defendant has three prior qualifying convictions for "a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). A "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that (i)"has as an element the use, attempted use, or threatened use of physical force against the person of another," or (ii) "is burglary, arson, or extortion, [or] involves use of explosives"; or (iii) "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). These three clauses are known respectively as the "elements clause,"[3] the "enumerated offense

---

Additionally, the First Circuit, in United States v. Mulkern, recently held that robbery under Maine law categorically fails as an ACCA predicate. 854 F.3d 87, 94 (1st Cir. 2017). Thus, I focus my analysis on whether Boulanger qualifies as an armed career criminal based on his robbery and armed robbery convictions.

[3] The "elements clause" is also commonly referred to as the "force clause." See United States v. Hudson, 823 F.3d 11, 15 (1st Cir. 2016).

6

clause," and the "residual clause."  United States v. O'Shea, 256 F. Supp. 3d 72, 77-78 (D. Mass. 2017); see United States v. Starks, 861 F.3d 306, 314 (1st Cir. 2017).

The Supreme Court determined in Johnson II that the ACCA's residual clause was unconstitutionally vague. 135 S. Ct. at 2563.  It also later ruled in Welch v. United States, 136 S. Ct. 1254, 1265 (2016), that Johnson II applies retroactively to cases on collateral review.  In light of these decisions, Boulanger cannot be deemed to be an armed career criminal under the residual clause.  Further, because the government does not argue that any of Boulanger's prior convictions qualify as violent felonies under the enumerated offense clause, his right to resentencing turns on whether he is subject to the enhancement under the elements clause.

A prior conviction qualifies as a violent felony under the elements clause if it is for a crime that has as an element the use, attempted use, or threatened use of "physical force."  18 U.S.C. § 924(e)(2)(B)(1).  "Physical force" means "violent force – that is force capable of causing physical pain or injury to another person."  Johnson v. United States (Johnson I), 559 U.S. 133, 140 (2010).

I use the so-called "categorical approach" to determine whether any of Boulanger's convictions qualify as a violent

felony under the elements clause.  See Starks, 861 F.3d at 315.
When using this approach, a court may consider only "the
statutory definitions – *i.e.*, the elements – of a defendant's
prior offense[] and *not* . . . the particular facts underlying
[the offense]" in deciding whether that offense qualifies as a
violent felony.  Descamps v. United States, 133 S. Ct. 2276,
2283 (2013) (emphasis in original) (internal quotes and
citations omitted).

To do so, I focus on the "minimum conduct criminalized" or,
stated differently, the "least serious conduct for which there
is a 'realistic probability' of a charge and conviction."
Starks, 861 F.3d at 315; United States v. Edwards, 857 F.3d 420,
423 (1st Cir. 2017).  If the "minimum conduct criminalized"
necessarily involves the use, attempted use, or threatened use
of "violent force," i.e. "force capable of causing physical pain
or injury to another person," see Johnson I, 559 U.S. at 140,
the prior conviction is categorically an ACCA predicate.  United
States v. Mulkern, 854 F.3d 87, 90-91 (1st Cir. 2017); Edwards,
857 F.3d at 423.  By contrast, if the "minimum conduct
criminalized" does not necessarily involve such force, then the
prior conviction categorically fails to qualify as a violent
felony.  See United States v. Fish, 758 F.3d 1, 5 (1st Cir.

2014) (citing Karimi v. Holder, 715 F.3d 561, 567 (4th Cir. 2013)).

Importantly, this "minimum-conduct focus 'is not an invitation to apply legal imagination to the state offense.'" Edwards, 857 F.3d at 423 (quoting Moncrieffe v. Holder, 569 U.S. 184, 133 S. Ct. 1678, 1684-85 (2013)) (other internal quotes and citations omitted). Rather, the minimum conduct criminalized is conduct that has a "realistic probability, not a theoretical possibility," of supporting a conviction under the law or statute in question. See id.; Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007) (discussing same categorical framework in context of alien removal); Fletcher v. United States, 858 F.3d 501, 507 (8th Cir. 2017); United States v. Hill, 832 F.3d 135, 142 (2d. Cir. 2016). "Decisions from the state supreme court best indicate a 'realistic probability,'" United States v. Harris, 844 F.3d 1260, 1264 (10th Cir. 2017).

**B.   The New Hampshire Robbery Statute**

The New Hampshire robbery statute "creates two offenses": (1) simple robbery, a Class B felony, see N.H. Rev. Stat. § 636:1, I, and (2) armed robbery or robbery with serious injury, a Class A felony, see id. § 636:1, III. State v. Shannon, 125 N.H. 653, 666 (1984). A person commits simple robbery if, in the course of committing a theft, he: (a) [u]ses physical force

9

on the person of another and such person is aware of such force; or (b) [t]hreatens another with or purposely puts him in fear of immediate use of physical force." N.H. Rev. Stat. § 636:1, I. A simple robbery becomes armed robbery if during the robbery, the defendant: (1) was actually armed with a deadly weapon; (2) reasonably appeared to the victim to be armed with such a weapon, or (3) inflicted or attempted to inflict death or serious injury on another. N.H. Rev. Stat. Ann. § 636:1, III.

The government argues that all of Boulanger's New Hampshire robbery and armed robbery convictions qualify as violent felonies because all forms of robbery under § 636:1 require the actual or threatened use of "physical force," which the government construes to mean violent force. Boulanger advances the contrary argument that a conviction under § 636:1 cannot be considered a violent felony because "physical force" does not require violent force. Using the categorical approach, the question thus becomes whether the minimal degree of force sufficient to qualify as "physical force" under § 636:1 equates to "violent force – that is, force capable of causing physical pain or injury to another person." See Johnson I, 559 U.S. at 140.

In assessing the parties' positions on this issue, I first apply New Hampshire law to identify the minimum conduct

criminalized by § 636:1.  See Johnson I, 559 U.S. at 138; Starks, 861 F.3d at 315.  Next, I turn to federal law to determine whether the minimum conduct criminalized under § 636:1 necessarily requires violent force.  See Starks, 861 F.3d at 315-16; Johnson I, 559 U.S. at 138.

    1.    Minimum Conduct Criminalized

States differ as to the nature of the force required to support a robbery conviction.  Robbery was understood to be a violent crime at common law.  See United States v. Harris, 844 F.3d 1260, 1266-67 (10th Cir. 2017); United States v. Pena, 161 F.Supp.3d 268, 276 (S.D.N.Y. 2016).  Although a large number of states continue to follow some version of the common law approach, see, e.g., People v. Borghesi, 66 P.3d 93, 100-101 (Colo. 2003) ("[j]ust as the common law of robbery emphasizes . . . [w]e have stated that the gravamen of the offense of robbery is the violent nature of the taking."); Robinson v. State, 692 So.2d 883, 886 (Fla. 1997) ("force or violence" under Florida robbery statute requires "more than the force necessary to remove the property from the person"); People v. Patton, 389 N.E.2d 1174, 1177 (Ill. 1979) ("[W]here an article is taken . . . without any sensible or material violence to the person . . . the offense will be held to be theft from the person rather than robbery."), other states, such as Massachusetts and Maine, have

11

adopted robbery statutes that do not require the use of violent force.  See Raymond v. State, 467 A.2d 161, 164-65 (Me. 1983) ("any physical force," with the intent to commit theft, is sufficient to constitute robbery); Commonwealth v. Jones, 283 N.E.2d 840, 843 (Mass. 1972) (departing from "majority jurisdiction rule" at the time in holding that only "enough force to make the victim aware" of the theft is required to constitute robbery); see also Walton v. State, 218 N.W.2d 309, 312-13 (Wisc. 1974)("Although actual force . . . implies personal violence, the degree of force used is immaterial, so long as it is sufficient to compel the victim to part with his property."); State v. Sawyer, 29 S.E.2d 34 (N.C. 1944)(degree of force used is immaterial, so long as sufficient to compel victim to part with property); Maxwell v. Commonwealth, 183 S.E. 452, 454 (Va. 1936)(Virginia common law robbery requires only "slight" degree of force).  Thus, convictions under some state robbery statutes will be treated as violent felonies under the ACCA whereas convictions under the other state statutes will not.  Compare Harris, 844 F.3d at 1271 (Colorado is an ACCA predicate because Colorado Supreme Court "has emphasized that robbery requires a *violent* taking consistent with the common law), and United States v. Doctor, 842 F.3d 306, 312 (4th Cir. 2016)(South Carolina robbery requiring "violence or putting in

fear" qualifies as ACCA predicate where no state court cases indicated de minimis force could be sufficient to satisfy violence under the statute), with United States v. Gardner, 823 F.3d 793, 803 (4th Cir. 2016) (North Carolina common law robbery not an ACCA predicate because "even de minimis contact can constitute the 'violence' necessary" for a conviction), and Stewart v. United States, 191 F. Supp. 3d 923, 932 (E.D. Wisc. 2016)(Wisconsin robbery not an ACCA predicate because it "requires only minimal force," thus abandoning the common law definition).

In State v. Goodrum, 123 N.H. 77 (1983) the New Hampshire Supreme Court hewed to a version of the common law approach. The victim in Goodrum was a thirteen-year-old paperboy who the defendant deprived of $22.56 after knocking him from the curb onto the street. Id. at 78. The defendant argued that his criminal act did not qualify as a robbery under § 636:1 because he did not use "physical force" on the victim. Id. at 79. In affirming the defendant's conviction, the Supreme Court noted that the trial court "properly gave the jury the option of convicting the defendant of mere theft if they did not conclude that an unarmed robbery occurred." Id. at 78. It then praised the trial court for giving the jury two examples to explain the difference between robbery and theft. The first described a

13

case in which a victim was "shoved," which would support a robbery conviction, and the second involved a theft in which the victim was "merely bumped," which would only support a conviction for theft. Id. The court then reasoned that the evidence was sufficient to sustain the defendant's conviction for robbery because a jury reasonably could have found from the evidence that "the victim ended up being forcibly moved from the sidewalk falling into the street." Id. at 79. In distinguishing between a mere bump, which could not support a robbery conviction, from a shove, which could, the Goodrum court thus construed the New Hampshire robbery statute to require more force than mere touching to support a conviction.[4]

---

[4] Any doubt as to Goodrum's construction of § 636:1's force element is dispelled by the court's citation to Illinois law, which has been unequivocal in its continued allegiance to common law robbery. See Patton, 289 N.E.2d at 1175-76. Prior to reaching its conclusion, the Goodrum court first looked to the Illinois Supreme Court's construction of its own state's robbery statute, which the court noted was "similar" to § 636:1. See Goodrum, 123 N.H. at 78. In so doing, the court cited two Illinois cases to illustrate the degree of force that delineates the boundary between theft and robbery under Illinois law. See id. The court noted that where grabbing a purse from the victim's fingertips, without more, is insufficient force to constitute a robbery, see Patton, 389 N.E.2d at 1177, grabbing a purse from a victim's hand "while pushing her into a garage" is sufficient. See People v. Sherman, 409 N.E.2d 486, 489 (Ill. App. Ct. 1980), vacated on other grounds, 428 N.E.2d 1186 (1981). The court then used that illustration to support its own construction of § 636:1. Thus, the "push" or "shove," as discussed, constitutes the force sufficient to elevate theft to robbery and is therefore the minimum conduct criminalized.

14

Boulanger nevertheless argues that a robbery conviction under § 636:1 can no longer be considered a violent felony under the ACCA in light of the First Circuit's decisions in Mulkern, which held that robbery under Maine law is not a violent felony, 854 F.3d 87, and the Ninth Circuit's decision in Parnell, which reached a similar conclusion with respect to the Massachusetts robbery statute, 818 F.3d 974.[5]  I reject this argument because it fails to account for the fact that the New Hampshire robbery statute is substantially narrower in scope than its Maine and Massachusetts counterparts due to the greater degree of force required to commit the crime under New Hampshire law.  The statutes at issue in Mulkern and Parnell, as construed by their states' highest courts, reflect a departure from common law robbery in that they encompass takings accomplished by use of de minimis force.  See Starks, 861 F.3d at 319 (Massachusetts robbery "depart[s] from more common rule" in requiring only force sufficient to render the victim aware of the taking); Mulkern, 854 F.3d at 93-94 (Maine robbery requires "*any* physical force"); Parnell, 818 F.3d at 978-79) (noting that Massachusetts, by its own admission, has declined to follow the

---

[5]  After briefing in this case was completed, the First Circuit followed the Ninth Circuit in concluding that a robbery conviction under Massachusetts law cannot be considered a violent felony in Starks, 861 F.3d at 315.

15

"majority rule" that mere snatching does not involve sufficient force to constitute robbery); see also 3 Wayne R. LaFave, Substantive Criminal Law § 20.3(d) n.48 (2d ed. & 2015 Update) (citing cases representative of majority and minority views with respect to "purse snatching" cases). By contrast, § 636:1, as construed in Goodrum, endorses the traditional view that robbery requires significantly greater force. See Goodrum, 123 N.H. at 73; Patton, 389 N.E.2d at 1175-76 (discussing "sufficient violence" under common law approach); see also Starks, 861 F.3d at 319 (the "more common rule" is that "robbery requires some resistance by or injury to the victim."); Harris, 844 F.3d at 1267-68 (discussing distinction between state robbery statutes committed to common law definition of robbery and those that have departed therefrom); Stewart, 191 F. Supp. 3d at 932 (same). Accordingly, neither Mulkern nor Parnell support Boulanger's argument.

In concluding that New Hampshire follows a version of the common law approach to robbery, I recognize that the relevant statutory language does not definitively require that result. I also understand that while Goodrum holds that a shove is sufficient to support a robbery conviction, it merely suggests that a bump will not suffice, without specifying whether there is any middle ground between the two examples that will support

16

a robbery conviction. Ordinarily, the "venerable rule of lenity" might be invoked in such circumstances to protect a defendant from a lack of legislative clarity.  See United States v. R.L.C., 503 U.S. 291, 305 (1992).  For good reasons, however, the Supreme Court has instructed courts to refrain from exercising "legal imagination" when attempting to determine the least serious conduct criminalized by state statutes.  See Moncrieffe, 569 U.S. at 190.  After all, while a broad reading of robbery under New Hampshire law might benefit defendants facing an ACCA enhancement under federal law, it may well hurt state court defendants who might be able to escape a robbery conviction under a narrower reading of the statute.  Here, Goodrum provides the strongest signal as to the force required to support a New Hampshire robbery conviction and the signal sent suggests that robbery requires force comparable to a shove.

    2.   The ACCA

Having determined that the minimal "physical force" required to commit a robbery under § 636:1 is akin to a shove rather than a mere bump, it requires little effort to also conclude that a New Hampshire robbery conviction qualifies as a violent felony under the ACCA because a shove is, in the words of the Supreme Court, "capable of causing physical pain or injury."  See Johnson I, 559 U.S. at 140; United States v.

17

Castleman, 134 S. Ct. 1405, 1417, 1421-22 (2014) (Scalia, J., concurring in part and concurring in judgment) (rejecting argument that "physical force" requires force capable of causing "serious bodily injury" rather than "any pain or bodily injury" beyond a mere offensive touching, such as "hitting, slapping, shoving, grabbing, pinching, biting and hair pulling."); see also, e.g., United States v. Jennings, 860 F.3d 450, 457 (7th Cir. 2017) ("Any number of physical acts may cause physical pain [and] any number of forceful acts beyond simple touching may in context suffice to inflict bodily harm upon a victim (or instill fear of such harm)."); Harris, 844 F.3d at 1265-66 (accord); Robinett v. United States, No. 16-00155-CV-W, 2016 WL 2745883, at *3 (W.D. Mo. May 11, 2016) ("Shoving certainly meets the definition of physical force in Johnson I as it is capable of causing physical injury or pain.").

## IV.  CONCLUSION

In sum, New Hampshire robbery, as defined in § 636:1 and subsequently construed by the New Hampshire Supreme Court, is categorically a violent felony under the ACCA because it "has as an element the use, attempted use, or threatened use of physical [violent] force against the person of another."  New Hampshire armed robbery, defined under the same section, is also a violent

felony, because it requires the use or threatened use of the same force required by robbery, its lesser-included offense. Because Boulanger, at the time of sentencing, had three or more prior convictions for New Hampshire robbery and armed robbery, he was properly sentenced as an armed career criminal. Accordingly, I deny his motion for relief under § 2255. See Doc. No. 1-1. Because reasonable jurists can disagree on this issue, however, I grant Boulanger a certificate of appealability as to whether he was properly subjected to the ACCA's sentencing enhancement.[6] See 28 U.S.C. § 2253(c)(2); R. Governing Sec. 2255 Proc. 11; First Cir. LR 22.0.

The clerk of court shall enter judgment and close the case.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

December 21, 2017

cc: Seth R. Aframe, Esq.
    Jonathan R. Saxe, Esq.

---

[6] I previously granted Boulanger a certificate of appealability with respect to the issue I addressed in Kucinski v. United States, 2016 DNH 163. Accordingly, Boulanger is free to appeal either or both issues.